(No. 79-CC-0498—

Arnold S. Wells, III, Claimant, *v.* The State of Illinois,
Respondent.

*Opinion filed September 21, 1979.*

Poch, J.

This claim arises out of a reallocation of the employee. The question before the Court is how far back, if at all, should the retroactive pay be awarded? The collective bargaining agreement RC-14 was in effect at the time of this decision by the acting director of the Department of Personnel. The effective date of the collective bargaining agreement was July 1, 1977. It was the decision of the acting director, Mr. Daniel J. Linckos, that the retroactive salary payments resulting from the reallocation should go back to the date the employee signed the information questionnaire requesting the audit and reallocation, pursuant to Article XVI, Sec. 4 of the collective bargaining agreement.

Ill. Rev. Stat., ch. 127, par. 63b109 provides that it shall be the director's duty to "to conduct negotiations affecting pay, hourly work, and other working conditions of employees subject to this Act."

Article XVI, Sec. 4 of the RC-14 contract was apparently agreed to by the director pursuant to the powers vested in him in the statute above cited. We now must decide whether the decision made by the director, in accordance with the collective bargaining agreement provisions, is in violation of Ill. Rev. Stat., ch. 127, par. 145, which provides in part as follows:

"Amounts paid from appropriations for personal service of any officer or employee of the State, either temporary or regular, shall be considered as full payment of all services rendered between the dates specified in the payroll or other voucher and no additional sum shall be paid to such officer or employee from any lump sum appropriation, appropriation for extra help or other purpose or any accumulated balances in specific appropriations which payments would constitute in fact an additional payment for work already performed and for which remuneration had already been made, except that wage payments made pursuant to the application of the prevailing rate principle or based upon the effective date of a collective bargaining agreement between the State, or a State agency and an employee group shall not be construed as an additional payment for work already performed."

The first fact that must be remembered is that this is a case involving a claim for retroactive salary as a result of the reallocation of a position of employment. It was found that the employee had been operating at a level higher than that for which the employee had been paid. Therefore, although the work had already been performed, the remuneration which the employee received was not remuneration for the work performed, but only remuneration for a lesser classification. Therefore, the prohibition contained in Ill. Rev. Stat., ch. 127, par. 145 does not apply.

We therefore find that this Claimant is entitled to retroactive salary as directed by the acting director of personnel.

It is therefore ordered that this Claimant be awarded $642.16 subject to the appropriate added sums due from the State by way of contributions toward the employee's retirement account and FICA and subject further to the appropriate deductions and withholdings for the employee's contribution to his retirement program and FICA as well as Federal and State income tax obligations.